**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **PATRICIA A. WILSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 02-2114-JAR |
| | ) |
| **JO ANNE B. BARNHART,** | ) |
| **Commissioner of Social Security** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER ADOPTING RECOMMENDATION AND REPORT**

The Commissioner of Social Security denied Plaintiff's application for disability insurance benefits and supplemental security income under §§ 216(i), 223, 1602 and 1614(a)(3)(A) of the Social Security Act. Plaintiff sought review of the Administrative Law Judge's ("ALJ") decision and the Magistrate Judge John Thomas Reid issued a Recommendation and Report (Doc. 30) on July 25, 2006, which recommended that the Commissioner's decision be affirmed. This matter is currently before the Court upon Plaintiff's Objections to the Recommendation and Report (Docs. 31 and 32) and Defendant's Response to Plaintiff's Objections (Doc. 33).

The standards the Court must employ when reviewing objections to a recommendation and report are clear.[1] Only those portions of a recommendation and report identified as objectionable will be reviewed.[2] The review of those identified portions is *de novo* and the Court must "consider relevant evidence of record and not merely review the magistrate judge's

---

[1] *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

[2] *See Garcia v. City of Albuquerque*, 232 F.3d 760, 767 (10th Cir. 2000); Gettings v. McKune, 88 F. Supp. 2d 1205, 1211 (D. Kan. 2000).

recommendation."[3]

Plaintiff objects to portions of the Recommendation and Report that uphold the ALJ's determination that principles of *res judicata* limited her review to the time period from September 16, 1997 to December 17, 1999, and that this Court lacks jurisdiction to review the Commissioner's decisions denying plaintiff's first and third applications for benefits.  This is a legal question; and after having conducted a de novo review of the extensive procedural record in this case, this Court concludes that Judge Reid's thorough and exhaustive analysis is correct and should be adopted in its entirety.

Plaintiff also objects to the Recommendation and Report's finding that substantial evidence supported the ALJ's decision that plaintiff was not disabled prior to December 31, 2001.  This Court has conducted a de novo review of the record, considered the relevant evidence of record, and agrees with Judge Reid's finding that the ALJ appropriately followed this Court's remand order in fully and thoroughly evaluating new evidence concerning plaintiff's I.A. scores and the effect plaintiff's affective disorder had on her cognitive and memory processes.  Thus, plaintiff's objections are denied and the Court accepts the September 30, 2003 Recommendation and Report and adopts it as its own.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections to the Recommendation and Report (Docs. 31 and 32) shall be denied.

**IT IS FURTHER ORDERED** that the July 25, 2006 Recommendation and Report (Doc. 30) shall be adopted by the Court as its own.

**IT IS SO ORDERED.**

---

[3] *See Griego v. Padilla*, 64 F.3d 580, 584 (10th Cir. 1995) (citation omitted).

Dated this 19th  day of September, 2006, at Topeka, Kansas.

                                           S/  Julie A. Robinson  
                                           Julie A. Robinson  
                                           United States District Judge